**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **Jordan Mitchelmore**,<br><br>Plaintiff,<br><br>v.<br><br>**AdaptHealth, Corp., and AdaptHealth, LLC**,<br><br>Defendant | CASE NO. 4:25-cv-03642<br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION COMPLAINT |

## INTRODUCTION

1. The Telephone Consumer Protection Act (TCPA) prohibits prerecorded calls without consent. 47 U.S.C. § 227(b).

2. Defendants have violated the TCPA by calling Mitchelmore, and thousands of others like him, with prerecorded debt collection calls.

3. But Mitchelmore has no debt, nor account, with Defendants.

4. Rather, Defendants regularly robocall the wrong people because phone numbers are frequently disconnected and reassigned to new consumers.

5. The FCC explained that "unwanted calls to reassigned numbers are a significant problem" and "a nuisance to those who receive them." *In re Advanced Methods to Target & Eliminate Unlawful Robocalls*, 33 FCC Rcd 12024, 12027 (F.C.C. December 13, 2018).

6. In 2018, the FCC solved this problem by creating the Reassigned Number Database (RND), a tool that lets callers check whether a phone number has been disconnected. *Id*.

7. Had Defendants used the RND, they would have learned that 832-588-6427—Mitchelmore's number—had been disconnected from its prior user and not to call.

8. The TCPA even provides an affirmative defense for those who check the RND but mistakenly call the wrong person. 47 C.F.R. § 64.1200(m).

9. Defendants, however, did not bother.

10. Defendants' conduct is not only unlawful, it is inexcusable.

11. Defendants have already been sued four other times for violating the TCPA.

12. In addition to Mitchelmore, many consumers who have no account with Defendants have complained about these calls for years.[1]

13. To stop Defendants' illegal calls, Mitchelmore brings this putative class action.

## JURISDICTION AND VENUE

14. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C. § 227.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this district.

16. This Court has personal jurisdiction over Defendants because Defendants knew that their calls were targeted at, and likely to be received in, Texas. Mitchelmore's phone number starts with 832, which is an area code for Houston, Texas. Also, Defendants were attempting to reach someone by the name of J*** H***, which online directories show has a Texas address. Defendants almost certainly had a Texas address on file for the person they were trying to reach.

## PARTIES

17. Jordan Mitchelmore is a resident of Missouri City, Texas.

18. AdaptHealth, LLC is organized in Delaware with headquarters in Pennsylvania.

19. AdapthHealth, Corp. is a Delaware corporation and is the parent company of AdaptHealth, LLC (collectively "Defendants" or "AdaptHealth").

20. At this stage, it is unclear whether AdaptHealth, LLC, AdaptHealth, Corp., or both, placed the calls at issue.

---

[1] *See, e.g.*, 800-451-6701, YouMail Directory, https://directory.youmail.com/phone/800-451-6701 (last visited July 22, 2025); 800-451-6701, 800notes, https://800notes.com/Phone.aspx/1-800-451-6701 (last visited July 22, 2025).

## FACTUAL ALLEGATIONS

21. Mitchelmore is the subscriber and sole user of the cellular number 832-588-6427.

22. In the last year, AdaptHealth, LLC has called 832-588-6427.

23. Alternatively, in the last year, AdaptHealth, Corp. has called 832-588-6427.

24. Those calls are as follows (times in UTC):

i. October 22, 2024, at 5:57pm
ii. October 25, 2024, at 6:00pm
iii. October 28, 2024, at 4:03pm
iv. October 30, 2024, at 7:28pm
v. November 5, 2024, at 8:00pm
vi. November 7, 2024, at 8:21pm
vii. November 12, 2024, at 9:37pm
viii. November 19, 2024, at 8:22pm
ix. December 4, 2024, at 6:09pm
x. December 5, 2024, at 6:33pm
xi. December 9, 2024, at 5:29pm

25. These calls all came from 800-451-6701, except the call on December 9 which came from 855-389-4043.

26. On the calls to 832-588-6427 on November 19 and December 5, Defendants played a recorded message or audio file.[2]

27. Both these calls sounded robotic. It was not a real person. The length, intonations, pauses, and voice were identical. The prerecorded or artificial voice said: "Hello this is AdaptHealth, your medical equipment supplier. We are calling to remind you about a past due balance on your account. To pay your balance using our secure phone payment system, please call 800-451-6701. Thank you."

28. On the call to 832-588-6427 on December 9, Defendants played a recorded message or audio file.[3]

29. On this call, the voice sounded robotic. It was not a real person. The prerecorded or artificial voice said, "AdaptHealth and it's family of companies calling to discuss an important billing matter on your account. Please call us back at 855-389-4043 as soon as possible. Thank you."

30. Per Defendants' own website, 855-389-4043 is an AdaptHealth billing number.

---

[2] The November 19 call is accessible here. The December 5 call is accessible here.
[3] The December 9 call is accessible here.

31. Mitchelmore never provided his phone number to Defendants, never had a relationship with Defendants, and never gave permission for Defendants to send any type of communication.

32. Defendants' calls to Mitchelmore did not have an emergency purpose.

33. Defendants' prerecorded calls are a nuisance and annoyance to Mitchelmore. The calls have invaded his privacy and home.

## THE REASSIGNED NUMBER DATABASE

34. Defendants were attempting to reach J.H.—the prior user of the phone number 832-588-6427—to collect a debt.

35. But 832-588-6427 had been disconnected and reassigned to Mitchelmore.

36. In 2018, the FCC solved this problem when it authorized the creation of the RND. *See generally In re Advanced Methods to Target & Eliminate Unlawful Robocalls*, 33 FCC Rcd 12024 (F.C.C. December 13, 2018).

37. The RND is a comprehensive database of all phone numbers that have been disconnected since January 27, 2021. *Frequently Asked Questions*, reassigned.us/resources/faq, last accessed July 17, 2025.

38. Each month, all phone carriers report to the RND its disconnected numbers. *Id.*

39. The RND currently has over 361 million disconnected numbers. *Id.*

40. Before making calls, companies can query the RND to see if any particular number has been disconnected since January 27, 2021. *Id.*

41. Had Defendants queried the RND, they would have known not to call 832-588-6427.

42. On the site www.Reassigned.us, after creating an account, companies see this input:




43. There are two data inputs: a phone number and a date.

44. The phone number is the number to be checked.

45. The date is when the company received the number from the consumer.

46. Assume, for example, Defendants obtained the number 832-588-6427 from J.H. on January 1, 2023.

47. Before calling, Defendants could run this query:




48. That query returns this result:

Query Results

| Telephone Number | Date Provided | Response |
|---|---|---|
| 8325886427 | 01/01/2023 | yes |

49. The "yes" response indicates that 832-588-6427 has been disconnected sometime between January 1, 2023, and the date of the query (which in this example was July 17, 2025). Because the number has been disconnected, Defendants should not make any prerecorded calls.

50. Alternatively, assume Defendants obtained the number 832-588-6427 from J.H. on July 1, 2023. That query returns this result:

| Telephone Number | Date Provided | Response |
|---|---|---|
| 8325886427 | 07/01/2023 | no |

51. The "no" response indicates the number 832-588-6427 has not been disconnected anytime between July 1, 2023, and the date of the query (which in this example was July 17, 2025). Because the number has not been disconnected, Defendants can safely call.

52. This RND query can be done manually on the RND website or coded to run programmatically within Defendants' existing system.

53. It is that simple. There is nothing more Defendants needed to do.

54. Defendants did not check the RND before calling 832-588-6427.

55. Had Defendants checked the RND before calling 832-588-6427, they would have known not to call 832-588-6427.

## CLASS ACTION ALLEGATIONS

56. Pursuant to Federal Rule of Civil Procedure 23(b)(3), Mitchelmore brings this action on behalf of all other persons similarly situated throughout the United States.

57. Mitchelmore proposes the following class:

> **The Prerecorded Voice Class**
> All persons in the United States (1) to whom Defendants initiated, or caused to be initiated, a call (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a customer or account holder of Defendants, (3) in connection with which Defendants used, or caused to be used, an artificial or prerecorded voice, (4) within the four years from the filing of this action through the date of class certification.

58. The class likely exceeds 10,000 members.

59. As a result, joinder is impracticable.

60. On information and belief, last year Defendants made more than one million debt collection calls that played a recorded message or audio file.

61. On information and belief, Defendants have records with annotations, notes, codes, or similar designation that indicate Defendants called the wrong number or wrong person.

62. On information and belief, in the last four years, Defendants have made calls that played a recorded message or audio file to people who told Defendants—whether before, during, or after the call—that they were calling the wrong person.

63. Questions of law and fact common to the class include whether Defendants initiated the calls, whether the calls used a prerecorded or artificial voice, whether the calls were to cellular telephones, whether Defendants checked the RND before calling, and whether Defendants had consent to initiate the calls.

64. Mitchelmore's claims are typical of the class because they arise out of the same conduct by Defendants (prerecorded calls to non-account holders) and are based on the same legal theory under the TCPA (prerecorded calls without consent).

65. Mitchelmore is an adequate representative because his interests do not conflict with the class, and he will fairly represent the interest of the class. Plaintiff's counsel also has no conflict and is experienced in TCPA class actions.

66. The questions common to the class predominate over individualized questions.

67. A class is superior to individual suits because it saves judicial resources, promotes consistency and efficiency, provides a forum for small claimants, and deters illegal activities. Class members prosecuting separate actions is unlikely because of the time and expense required.

Damages are statutory and straightforward. Notice can be provided by mail or other means. There is no difficulty in managing this case as a class.

## FIRST CAUSE OF ACTION
**Illegal Use of a Prerecorded or Artificial Voice**
**(On Behalf of Mitchelmore and the Prerecorded Voice Class)**

68. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating, or causing to be initiated, calls using a prerecorded or artificial voice without prior express consent and without an emergency purpose when calling Mitchelmore and members of the Prerecorded Voice Class.

69. Mitchelmore and members of the Prerecorded Voice Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

70. The court should treble damages for knowing and willful violations. *Id.*

## RELIEF REQUESTED

Mitchelmore respectfully requests the Court grant the following relief:

A. Certification of the proposed class;

B. Appointment of Mitchelmore as class representative;

C. Appointment of The HQ Firm, P.C. as lead counsel for the class;

D. An award of damages to Mitchelmore and class members, as allowed by law;

E. An award of fees, costs, and interest, as allowed by law; and

F. Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Mitchelmore requests a jury trial as to all claims so triable.

Dated: August 5, 2025

Respectfully submitted,

*/s/ Karissa Murphy*

Karissa Muphy
Attorney-in-charge
Arizona Bar No. 038383
S.D. Texas Bar No. 3929022
The HQ Firm, P.C.
7533 S. Center View Ct. #4424
West Jordan, UT 84084
385-440-4123 (no fax number)
karissa.murphy@thehqfirm.com