IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORDAN MITCHELMORE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | Case No. 4:25-cv-3642 |
| | § | |
| ADAPTHEALTH, CORP. and | § | |
| ADAPTHEALTH, LLC | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to this Court's Order Scheduling Rule 16 Conference [ECF No. 4] and Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff Jordan Mitchelmore and Defendants AdaptHealth Corp. and AdaptHealth, LLC respectfully submit the following Joint Discovery/Case Management Plan:

1. **State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.**

   The Parties held their Rule 26(f) conference on October 7, 2025.

   - For Plaintiff: Karissa N. Murphy, THE HQ FIRM, P.C.
   - For Defendants: Julie Springer and James Hatchitt, WEISBART SPRINGER STORM HATCHITT LLP

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   On September 17, 2025, Plaintiff filed a Notice of Related cases alerting this Court that Plaintiff believes two other cases are related to this case:

   - *Mitchelmore v. Methodist Hospital, d/b/a Houston Methodist*, No. 4:25-cv-03580 (S.D. Tex.)

- *Mitchelmore v. Specialized Collection Systems, Inc.*, No. 4:25-cv-03643 (S.D. Tex.).

Defendant does not believe there are any cases related to this one that are pending in any state or federal court.

**3. Specify the allegation of federal jurisdiction.**

Plaintiff has alleged this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 and that federal question jurisdiction exists under 28 U.S.C. § 1331.

**4. Name the parties who disagree and the reasons.**

None.

**5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None anticipated. If discovery reveals additional parties that should be included, the Parties may seek leave to add them by January 31, 2026.

The parties have reached agreement that Plaintiff will non-suit AdaptHealth Corp without prejudice.

**6. List anticipated interventions.**

None.

**7. Describe class-action issues.**

Plaintiff brings this case on behalf of a proposed nationwide Prerecorded Voice Class of non-customers called with prerecorded debt-collection messages.

Defendant does not believe Plaintiff's claims are appropriate for class treatment under Rule 23 and authority interpreting that rule.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The Parties will exchange initial disclosures required by Rule 26(a)(1) on or before November 14, 2025.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   a. *Responses to all the matters raised in Rule 26(f)*

   **Rule 26(f)(3)(A):** "what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a) , including a statement of when initial disclosures were made or will be made"

   None.  Initial disclosures will be made on or before November 14, 2025.

   **Rule 26(f)(3)(B):** "the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues"

   Plaintiff intends to seek discovery on (1) call records involving Plaintiff's number and the numbers of the putative class; (2) whether Defendant used an artificial/prerecorded voice when calling Plaintiff and members of the putative class; (3) phone records of Defendant; (4) wrong number indicators; (5) Defendant's prerecorded call campaigns; (6) Defendant's use or non-use of the FCC's Reassigned Number Database; (7) dialer records; (8) policies, procedures, and training; (9) damages and size of putative class.

   Defendant intends to seek discovery regarding Plaintiff's calls received from Defendant.  Defendant also believes discovery is necessary on the  suitability of class treatment for Plaintiff's claims.  Defendant will work cooperatively with Plaintiff on discovery issues but does not agree that all of the discovery Plaintiff seeks is appropriate or relevant to Plaintiff's claims or that of any class claims.

   **Rule 26(f)(3)(C):** "any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced"

   None at this time.  The Parties will disclose and produce electronically stored information according to the Federal Rules of Civil Procedure, and will work cooperatively on the form of produced information.

**Rule 26(f)(3)(D):** "any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502"

None at this time.

**Rule 26(f)(3)(E):** "what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed"

None.

**Rule 26(f)(3)(F):** "any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)"

None.

b. ***When and to whom the plaintiff anticipates it may send interrogatories.***

Plaintiff anticipates serving its first set of interrogatories by <u>November 21, 2025,</u> on AdaptHealth, LLC.

c. ***When and to whom the defendant anticipates it may send interrogatories.***

Defendant anticipates serving its first set of interrogatories by <u>November 21, 2025,</u> on Plaintiff.

d. ***Of whom and by when the plaintiff anticipates taking oral depositions.***

Plaintiff anticipates deposing corporate representatives of each Defendant and employees of AdaptHealth responsible for TCPA compliance by <u>April 30, 2026</u>.

e. ***Of whom and by when the defendant anticipates taking oral depositions.***

Defendant anticipates deposing Plaintiff by <u>February 2026</u>.

f. ***When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.***

- Plaintiff's expert reports due: <u>June 15, 2026</u>
- Defendants' responsive expert reports due: <u>August 3, 2026</u>

g. ***List expert depositions the plaintiff (or the party with the burden of proof on an***

*issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).*

Plaintiff anticipates deposing Defendants' expert(s), to be completed by <u>August 28, 2026</u>.

h. *List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (expert report).*

Defendant anticipates deposing Plaintiff's expert(s), to be completed by <u>July 8, 2026</u>.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.**

The Parties are agreed on the discovery plan.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

12. **State the date the planned discovery can reasonably be completed.**

Fact and expert discovery can be reasonably completed by <u>September 19, 2026</u>.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The Parties discussed early settlement but concluded it is premature until after some discovery.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiff will share voicemails alleged in the complaint to facilitate early evaluation. Defendant has agreed that mediation will be suitable at the appropriate time.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

The Parties agree that mediation will be suitable at the appropriate time.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The Parties do not consent to trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

Plaintiff timely demanded a jury trial on August 5, 2025.

18. **Specify the number of hours it will take to present the evidence in this case.**

Three (3) days.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

On September 17, 2025, Plaintiff filed a Notice of Related Cases.

It is Defendants' position that there are no pending motions.

20. **List other motions pending.**

None.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None at this time.

22. **List the names, bar numbers, addresses, and telephone numbers of *all* counsel.**

| For Plaintiff: | For Defendants: |
|---|---|
| Karissa N. Murphy | Julie Springer |
| Arizona Bar No. 038383 | State Bar No. 18966770 |
| S.D. Texas Bar No. 3929022 | James Hatchitt |
| THE HQ FIRM, P.C. | State Bar No. 24072478 |
| 7533 S. Center View Ct., Suite 4424 | Colleen Murphy |
| West Jordan, Utah 84084 | State Bar No. 24102258 |
| (385) 440-4123 | WEISBART SPRINGER STORM HATCHITT LLP |

212 Lavaca Street, Suite 200
Austin, Texas 78701
(512) 652-5780

Respectfully submitted,

THE HQ FIRM, P.C.                    WEISBART SPRINGER STORM HATCHITT LLP


/s/ Karissa N. Murphy, signed by permission
Karissa N. Murphy                   Julie A. Springer
Arizona Bar No. 038383              State Bar No. 18966770
S.D. Texas Bar No. 3929022          jspringer@weisbartspringer.com
THE HQ FIRM, P.C.                   James Hatchitt
7533 S. Center View Ct., Suite 4424 State Bar No. 24072478
West Jordan, Utah 84084             jhatchitt@weisbartspringer.com
(385) 440-4123                      Colleen Murphey
karissa.murphy@thehqfirm.com        State Bar No. 24102258
                                    212 Lavaca Street, Suite 200
*Attorney for Plaintiff Jordan Mitchelmore*   Austin, Texas 78701
                                    Tel. (512) 652-5780
                                    Fax (512) 682-2074

                                    *Attorneys for Defendants AdaptHealth Corp.
                                    and AdaptHealth LLC*


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was delivered on October 24, 2025, in accordance with Rule 5(b)(2) of the Federal Rules of Civil Procedure, to the parties listed and in the manner indicated below:

Karissa Muphy                              ✓ Electronic service
karissa.murphy@thehqfirm.com               ☐ In person
THE HQ FIRM, PC                            ☐ Registered mail, return receipt requested
7533 South Center View Court, Suite 4424   ☐ Commercial delivery service
West Jordan, Utah 84084                    ☐ Facsimile
Tel. (385) 440-4123                        ☐ Electronic mail

*Attorneys for Plaintiff Jordan Mitchelmore*

James Hatchitt

- 7 -